# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| CHARLES R. BOWLDS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. CIV-23-210-R |
| | ) | |
| CARRIE BRIDGES, | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER

Before the Court is Petitioner's "Motion for Relief from Judgment or Order" [Doc. No. 8] which seeks relief pursuant to Fed R. Civ. P. 60(b)(6).[1] The Court previously dismissed this action without prejudice by adopting Magistrate Judge Gary M. Purcell's Report and Recommendation because Petitioner failed to pay the filing fee [Doc. Nos. 5, 6, 7]. Petitioner asserts that he should be granted relief from this judgment because he submitted a disbursement for the filing fee to prison staff prior to the deadline and the prison mailbox rule applies.

Rule 60(b)(6) allows a party to seek relief from a final judgment for "any other reason that justifies relief." Fed.R.Civ.P. 60(b)(6). This provision "provides courts with authority adequate to enable them to vacate judgments whenever such action is appropriate to accomplish justice," but "should only be applied in extraordinary circumstances." *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 864, 108 S. Ct. 2194, 2204, 100 L. Ed. 2d 855 (1988) (internal quotation marks and citation omitted).

---

[1] Petitioner's pro se filings are construed liberally. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.1991).

The Court is not persuaded that this standard is met here. The filing fee has still not been paid and Petitioner's statement "that he attempted to pay the filing fee by way of prison staff does not demonstrate the existence of any extraordinary circumstances that would justify a decision to reconsider and vacate the order dismissing this action." *McCarthy v. Warden*, No. CIVA10CV00218ZLW, 2010 WL 2035568, at *1–2 (D. Colo. May 20, 2010). This is particularly true given that this action was dismissed without prejudice to refiling.[2]

Accordingly, Petitioner's motion is denied. The Court further finds that a Certificate of Appealability should not issue because Petitioner has failed to demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

**IT IS SO ORDERED** this 2nd day of June, 2023.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE

---

[2] Apart from the failure to pay the filing fee, it appears that the Petition may be subject to dismissal for failure to exhaust state court remedies because Petitioner's direct appeal is still pending. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999) ("Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court. In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition."); *Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000) ("A habeas petitioner is generally required to exhaust state remedies whether his action is brought under § 2241 or § 2254.").